**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4198

DAVID LEE MCCOY, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge;
Robert G. Doumar, Senior District Judge.
(CR-98-186)

Submitted: December 22, 1999

Decided: January 24, 2000

Before WIDENER and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William A. Lascara, PENDER & COWARD, P.C., Norfolk, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Darryl J.
Mitchell, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David McCoy appeals his conviction for possession of a firearm by a convicted felon, 18 U.S.C.A. § 922(g)(1), 924(a)(2) (West Supp. 1999). McCoy pled guilty, reserving the right to challenge on appeal the district court's denial of his motion to suppress the firearm found in the van in which he was seated, as well as his post-arrest statements. Finding no error, we affirm.

Officers of the Portsmouth (Virginia) Police Department saw McCoy and another man having a heated argument in the Lincoln Park housing project, a high crime area. McCoy was seated in the passenger seat of a van; the other man, "Mike," was outside of the van. The officers ordered Mike to depart. McCoy bent forward and extended his arm under the passenger seat of the van. Fearing that McCoy was reaching for a weapon, the officers ordered him out of the van. After the officers informed McCoy of his Miranda rights, McCoy admitted that he had a firearm. The officers found a loaded .38 caliber revolver under the passenger seat of the van.

As the district court correctly determined, the combination of the argument, the nature of the neighborhood, and McCoy's movement inside the van were sufficient to establish reasonable suspicion. See, e.g., Maryland v. Wilson, 519 U.S. 408, 413-15 (1997); Reid v. Georgia, 448 U.S. 438, 440 (1980); United States v. Sayki, 160 F.3d 164, 168-69 (4th Cir. 1998); United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993). Our decision in United States v. Sprinkle, 106 F.3d 613, 617-18 (4th Cir. 1997), is distinguishable because the officers in this case saw McCoy attempting to hide or remove something from under the seat, whereas in Sprinkle the officers could see that no unlawful activity was occurring inside the vehicle. Accordingly, the search and questioning were proper, and the motion to suppress was correctly denied.

2

We affirm McCoy's conviction and sentence. We dispense with oral argument because the facts and contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

AFFIRMED

3